Brad A. Denton, #016454
Brad@DentonPeterson.com
Jay Parmelee, #034477
Jay@DentonPeterson.com

**DPD | DENTON PETERSON DUNN**
ATTORNEYS & COUNSELORS AT LAW

1930 N. Arboleda Road, Suite 200
Mesa, Arizona 85213
Telephone: (480) 325-9900
Facsimile: (480) 325-9901
https://arizonabusinesslawyeraz.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Shawnah Kucken, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Orsuga Consulting, LLC, dba Pinnacle Growth Advisors; Brent Orsuga; and Susanna Orsuga, | |
| Defendants | |

Plaintiff, Shawnah Kucken, individually, and on behalf of all other persons similarly situated who are current or former inside sales employees of Defendants (referred to as the "Collective Members") alleges as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff and the Collective Members bring this action under the Fair Labor Standards Act, 29, U.S.C. § 201-219 (hereinafter "FLSA") to recover (a) unpaid overtime at the rate of one-and-one-half times their regular rate of pay for all time worked in excess of 40 hours in a given workweek, and (b) an accounting for, and payment of, unpaid commissions; and (c) FICA and Medicare taxes imposed on them as a result of being misclassified as an independent contractor instead of an employee.

1

## PARTIES

2. At all relevant times alleged herein, Plaintiff resided in the State of Arizona in Maricopa County.

3. Plaintiff brings this case on behalf of herself and the Collective Members.

4. Orsuga Consulting, LLC, dba Pinnacle Growth Advisors ("Pinnacle") is an Arizona limited liability company doing business in Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d) and was and is an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.

5. Brent Orsuga is an owner of and the only member of Pinnacle and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Orsuga is subject to individual liability under the FLSA.

6. Any action taken by Mr. Orsuga and his wife, Susanna Orsuga, was done for the benefit of their marital community and therefore, Susanna Orsuga is added for that purpose.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c) and (d) because acts giving rise to the claims of the Plaintiff and the Collective Members occurred within Arizona; Pinnacle regularly conducted business in and has engaged in the wrongful conduct alleged herein in Arizona; and the individually named Defendants performed their work related to Pinnacle in Arizona.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as representative of the Collective Members who are current or former employees of Pinnacle who were/are not paid appropriate overtime for all time worked in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of

29 U.S.C. § 207(a), and who agree in writing to join this lawsuit seeking recovery under the FLSA.

10. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

11. Defendants' unlawful conduct has been widespread, repeated, and consistent.

12. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Pinnacle from approximately August 2019 until September 2021.

14. Pinnacle is an employee placement company focused on the transportation industry.

15. Plaintiff's job duties involved locating, contacting, communicating with, and placing potential recruits in the transportation industry.

16. Plaintiff routinely worked with knowledge of Defendants, and often at the request of Defendants, in excess of 40 hours per week during her tenure at Pinnacle.

17. Defendants did not track the hours worked by Plaintiff or the Collective Members.

18. Plaintiff's financial compensation was all in commissions; she did not receive a salary or hourly wage for her work.

19. Plaintiff and Collective Members were not paid the one-and-one-half times their regular rate as required under the FLSA for hours worked over 40 in a workweek.

20. For example, during the workweek of April 13-19, Plaintiff worked approximately 60 hours and only received her regular commission pay. Plaintiff was not compensated at one-and-one-half times her regular rate of pay for the 20 hours of overtime she worked that week. In fact, she was not compensated at all for those 20 hours.

21. Defendants knew that—or acted with reckless disregard as to whether—a failure to pay to Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate the FLSA. As such Defendants' conduct constitutes a willful violation of the FLSA.

22. Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover, as compensation for unpaid wages, an additional equal amount for liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

23. Defendants also failed to pay Plaintiff all the commissions to which she was entitled, despite numerous requests from Plaintiff.

24. Plaintiff's commission structure was set as a certain percentage of the placement fee that Pinnacle received when Plaintiff located and/or worked on placing employees with Pinnacle's customers. Plaintiff and Pinnacle had written agreements that laid out how these commissions would be paid. Thus, in order to determine the commission owed to Plaintiff, it is necessary to confirm the amount Pinnacle received from its customer for each placement in which Plaintiff was involved.

25. The percentage of each commission owed to Plaintiff depended on the scope of Plaintiff's involvement in each placement, as well as the involvement of others at Pinnacle in that placement. Thus, in order to determine the commission owed to Plaintiff, it is necessary to determine the involvement of Plaintiff and others at Pinnacle for each placement in which Plaintiff was involved.

26. Defendants have failed and refused to account to Plaintiff for the commissions she was owed, despite numerous requests.

27. Defendants have failed and refused to provide confirming documentation regarding the calculation and verification of Plaitniff's commissions, despite numerous requests to do so.

28. Defendants inaccurately and wrongfully misclassified Plaintiff as an independent contractor, even though under the law she was an employee. There were

numerous factors that compel the conclusion that Plaintiff was Pinnacle's employee. For example:

    a. Mr. Orsuga personally directed Plaintiff's work at Pinnacle.

    b. Plaintiff's work at Pinnacle was an integral part of Pinnacle's business.

    c. Mr. Orsuga described Plaintiff as "on my team" and "my right hand man."

    d. Pinnacle's work relationship with Plaintiff was permanent rather than episodic or based on particular jobs.

    e. Pinnacle provided Plaintiff with office space, at Pinnacle's expense and with Pinnacle's logo prominently displayed.

    f. Pinnacle bought Plaintiff a computer, AirPods, and a microphone to use in her work at Pinnacle.

    g. Pinnacle paid for Plaintiff's work travel.

    h. Pinnacle paid for retreats for Plaintiffs and others who, like Plaintiff, were referred to as "team members."

    i. Pinnacle provided Plaintiff with a Pinnacle email account, and kept control of that account after the parties' work relationship ended.

    j. Pinnacle gave Plaintiff the title of "Recruiting Director," and added that title to Plaintiff's email signature.

    k. Pinnacle provided Plaintiff with a LinkedIn recruiter account at Pinnacle's expense, and kept control of that account after the parties' work relationship ended.

    l. Pinnacle determined when the clients located by Plaintiff would be serviced by her, and when Pinnacle would take over the relationship.

    m. Pinnacle paid Plaintiff's commissions on a regular basis, without being invoiced.

      n.      By assigning a high volume of work to Plaintiff, Pinnacle prevented her from working with others at the same time she was working for Pinnacle.

29. By incorrectly treating Plaintiff and the Collective Members as employees, Defendants forced Plaintiff to pay the employer's share of FICA and Medicare taxes that she would otherwise not have been forced to pay on her income. Defendants' failure to pay FICA/Medicare taxes, and its actions in forcing Plaintiff to pay them, was a violation of federal and other law.

## COUNT ONE

### FAILURE AND/OR REFUSAL TO PAY OVERTIME – 29 U.S.C. §§ 201 *et seq.*

*All Defendants*

30. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

31. While employed by Defendants, Plaintiff and the Collective Members routinely worked over forty hours in a work week for Defendants, and Defendants did not pay to Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for such time.

32. Defendants' actions constitute a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

33. Defendants knew or acted with reckless disregard as to whether refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

34. As a result, Plaintiff and the Collective Members are entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional

equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs pursuant to 29 U.S.C. § 216.

## COUNT TWO

### FAILURE TO PAY WAGES – A.R.S. §§ 23-350 *et seq.*

*Defendant Orsuga Consulting, LLC*

35. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

36. Orsuga Consulting, LLC failed to pay Plaintiff and the Collective Members overtime wages under the FLSA as they were earned.

37. Orsuga Consulting, LLC failed to pay Plaintiff and the Collective Members commissions as they were earned.

38. These amounts constitute compensable wages.

39. Orsuga Consulting, LLC wrongfully withheld these compensable wages from Plaintiff and the Collective Members in violation of A.R.S. § 23-352.

40. Because Orsuga Consulting, LLC wrongfully withheld compensable wages from Plaintiff, Plaintiff is entitled to recover treble damages pursuant to A.R.S. § 23-355 in an amount to be proven in trial.

## COUNT THREE

### UNJUST ENRICHMENT

*All Defendants*

41. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

42. In addition to or in the alternative, Plaintiff and the Collective Members have been impoverished by, and Defendants have been unjustly enriched by, Defendants' actions described above.

43. There is a connection between, and an absence of justification for, the unjust enrichment of Defendants and the unjust impoverishment of Plaintiff and the Collective Members.

44. The available remedies at law may be otherwise inadequate to fully address the injuries of Plaintiff and the Collective Members.

45. Accordingly, Plaintiff and the Collective Members are entitled to recover all proximately resulting damages they have sustained in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Collective Members, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 28 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to award compensatory, incidental, and consequential damages to be determined at trial;

C. For the Court to award overtime compensation;

D. For the Court to award liquidated damages in an amount equal to the overtime compensation;

E. For the Court to award treble damages for wrongfully withheld wages against Defendant Infusion Software Inc.;

F. For the Court to award prejudgment and post-judgment interest;

G. For the Court to award Plaintiff's and Collective Members reasonable attorneys' fees and costs of the actions pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

H. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate her for all the time she spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

I. Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and the Collective Members hereby request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

RESPECTFULLY SUBMITTED this 7th day of April, 2022.

                                        **DENTON PETERSON DUNN, PLLC**

                                        /s/ Brad A. Denton
                                        Brad A. Denton
                                        Jay Parmelee
                                        1930 N. Arboleda Road, Suite 200
                                        Mesa, AZ  85213
                                        Attorneys for Plaintiff/Collective Members