**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawnah Kucken,<br><br>   Plaintiff,<br><br>v.<br><br>Orsuga Consulting LLC, et al.,<br><br>   Defendants. | No. CV-22-00573-PHX-DJH<br><br>**ORDER** |

Defendant Orsuga Consulting, LLC d/b/a Pinnacle Growth Advisors ("Pinnacle") has filed a Motion for Partial Summary Judgment (Doc. 60)[1] against Plaintiff Shawnah Kucken[2] ("Plaintiff").[3] Pinnacle seeks summary judgment on Count Two of Plaintiff's Complaint, which alleges Pinnacle failed to pay Plaintiff wages under the Arizona Wage Act ("AWA"), A.R.S. § 23-350. Pinnacle argues it was never Plaintiff's employer under the AWA and, even if it was, Plaintiff had no reasonable expectation for the wages she says she is owed. Because a reasonable juror could find there is a genuine dispute of

---

[1] The matter is briefed. Plaintiff filed a Response (Doc. 98), and Defendant filed a Reply (Doc. 103). Both parties requested oral argument on the matter. The Court finds that the issues have been briefed and oral argument will not aid the Court's decision. The parties' request is therefore denied. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

[2] Plaintiff also filed an unopposed Motion to Seal Exhibit D to her Response. (Doc. 99). Finding good cause, the Court will grant Plaintiff's Motion because it contains private financial information in accordance with the parties' protective order (Doc. 42).

[3] Plaintiff subsequently filed its own Motion for Partial Summary Judgment (Doc. 106). The matter is briefed, but the Court will address the issues therein by way of a separate Order.

material fact as to whether an employer-employee relationship existed and a reasonable expectation that Pinnacle owed Plaintiff payment, Pinnacle's Motion will be denied.

I. **Background**[4]

Pinnacle is a recruiting company that places job candidates with companies. (Doc. 60-1 at 3). It is owned by Mr. Brent Orsuga ("Mr. Orsuga"). (*Id.*) Plaintiff owns Legacy Solutions LLC ("Legacy Solutions"), a business that helps find, screen, and place candidates for companies in the logistics industry. (*Id.* at 9). In August of 2019, during prospective employment discussions, Mr. Orsuga suggested Plaintiff create Legacy Solutions. (Doc. 98-3 at ¶ 5). Plaintiff did, and Legacy Solutions began providing services to Pinnacle in that same month. (Doc. 60-1 at 41).

On April 9, 2020, Legacy Solutions entered into an Independent Contractor Agreement with Pinnacle. (*Id.* at 42). On March 26, 2021, Legacy Solutions entered into a second Independent Contractor Agreement ("Agreement"). (*Id.* at 44). Plaintiff acted as Pinnacle's Director of Recruiting, and she used this title in all of her recruiting activities. (Docs. 98-1 at 57; 98-3 at ¶ 8). In this role, Plaintiff's primary task was to screen potential candidates. (Doc. 98-3 at ¶ 9). Plaintiff terminated her Agreement via email on September 9, 2021. (Docs. 60-1 at 73; 175).

In April 2022, Plaintiff filed her Complaint alleging three Counts: (1) failure and/or refusal to pay overtime under the Fair Labor Standards Act ("FLSA") against all Defendants (Doc. 1 at ¶¶ 30–34); (2) failure to pay wages under the AWA against Pinnacle (*Id.* at ¶ 35–40); and (3) unjust enrichment against all Defendants. (*Id.* at ¶ 41–45). Pinnacle now seeks summary judgment on Plaintiff's Count Two.

II. **Legal Standard**

A court will grant summary judgment if the movant shows there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A factual dispute is genuine when a reasonable jury could return a verdict for the nonmoving party.

---

[4] Unless otherwise noted, the following facts are undisputed.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, a court does not weigh evidence to discern the truth of the matter; it only determines whether there is a genuine issue for trial. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994). A fact is material when identified as such by substantive law. *Anderson*, 477 U.S. at 248. Only facts that might affect the outcome of a suit under the governing law can preclude an entry of summary judgment. *Id.*

The moving party bears the initial burden of identifying portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits, that show there is no genuine factual dispute. *Celotex*, 477 U.S. at 323. Once shown, the burden shifts to the non-moving party, which must sufficiently establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. But if the non-movant identifies "evidence [that] is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted).

**III.   Discussion**

Pinnacle seeks summary judgment on Count Two, arguing that Plaintiff was merely an independent contractor and thus the AWA does not apply. (Doc. 60 at 5). Pinnacle further contends that even if there is a fact dispute about whether Plaintiff is an employee, Pinnacle does not owe Plaintiff any wages because it paid Plaintiff her commissions, and she did not have any reasonable expectation that she would receive other payments from Pinnacle. (*Id.*) Plaintiff says that there is evidence in the record from which a reasonable juror could determine that an employer-employee relationship existed between Pinnacle and Plaintiff and that there are factual disputes as to whether Pinnacle underpaid her that preclude summary judgment on this claim. (Doc. 98 at 14).

The AWA defines an employee as "any person who performs services for an employer under a contract of employment either made in this state or to be performed

wholly or partly within this state." A.R.S. § 23-350(2).  In determining whether a worker is an employee or an independent contractor, "the fact finder must evaluate a number of criteria," including:

1. The extent and control exercised by the master over details of the work and the degree of supervision;

2. The distinct nature of the worker's business;

3. Specialization or skilled occupation;

4. Materials and place of work;

5. Duration of employment;

6. Method of payment;

7. Relationship of work done to the regular business of the employer; and

8. Belief of the parties.

*Santiago v. Phoenix Newspapers, Inc.*, 794 P.2d 138, 142 (Ariz. 1990).  "The fundamental criterion is the extent of control the principal exercises or may exercise over the agent." *Id.* at 141.

A court can decide this question on summary judgment only where the material facts are undisputed and the inferences that may be drawn from them are clear.  *Id.*; *see also Gonzalez v. US Hum. Rts. Network*, 617 F. Supp. 3d 1072, 1097 (D. Ariz. 2022), *reconsideration denied*, 2022 WL 4781940 (D. Ariz. Oct. 3, 2022) (denying summary judgment on plaintiff's claim because although some factors supported plaintiff's position that she was an employee, "a reasonable juror could conclude that certain other factors" did not).  If "the inference in [the] case is clear that no master-servant relationship exists, [summary judgment is appropriate]; if it is not clear, the case should [be] presented to the [trier-of-fact] to decide." *Martin v. USCORP*, 2008 WL 11441991, at *1 (D. Ariz. Aug. 18, 2008) (quoting *Santiago*, 794 P.2d at 141).  "Weighing and resolving these disputed factors is a role for the factfinder at trial." *Gonzalez*, 617 F. Supp. 3d at 1097.

### A. Whether Plaintiff was an Employee under the AWA

Upon consideration of the *Santiago* factors, the Court finds a reasonable juror could determine that an employer-employee relationship existed between Pinnacle and Plaintiff such that summary judgment on this claim would be inappropriate. 794 P.2d at 142. For example, Pinnacle exercised control over Plaintiff's recruiting tools, such as her Outlook and LinkedIn Recruiter account, and withdrew access to them once their relationship ended. (Doc. 98-1 at 205, 211). Plaintiff also formed Legacy Solutions in August of 2019 because Mr. Orsuga told her to create it and Plaintiff created a website for it because Pinnacle instructed her to do so. (Doc. 98-3 at ¶ 5, ¶ 6). Pinnacle provided her with an office in its co-working space, never added Plaintiff as a tenant or subtenant for that space, and never charged her for using that space. (Doc. 98-1 at 89). Plaintiff's sourced candidates resulted in approximately twenty (20) percent of Pinnacle's revenue, Mr. Orsuga referred to Plaintiff as his "number two," and he once stated he needed to "add people under [her]." (Doc. 98-1 at 298, 166, 298, 350).

Given the foregoing facts, the Court cannot determine as a matter of law that Plaintiff was not an employee under the AWA. *See Anderson*, 477 U.S. at 255 (the non-movant is "to be believed, and all justifiable inferences are to be drawn in [her] favor"). Although Pinnacle identified evidence suggesting that some of the *Santiago* factors demonstrate Plaintiff was an independent contractor, a reasonable juror could infer that other evidence—including Pinnacle providing Plaintiff with an Outlook and LinkedIn Recruiter account, supplying all her office materials, naming her its Director of Recruiting, and Mr. Orsuga claiming she was his "number two"—demonstrate Plaintiff was an employee. Weighing and resolving these disputed factors is a role for the factfinder at trial. *Gonzalez*, 617 F. Supp. 3d at 1097.

### B. Reasonable Expectation of Owed Wages

Pinnacle asserts that even if the record contains a factual dispute as to whether Plaintiff was an employee, Plaintiff's AWA claim still fails because she cannot show that she is owed any wages under the AWA. (Doc. 60 at 12). Pinnacle says it paid her

according to the terms of their contracts and she cannot demonstrate she had any reasonable expectation beyond that. (*Id.* at 14).

Under the AWA, "[w]hen an employee is discharged from the service of an employer, [s]he shall be paid wages due him within seven working days or the end of the next regular pay period, whichever is sooner." A.R.S. § 23-353. The AWA defines wages as "nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission or other method of calculation." *Id.* § 23-350. An employees' reasonable expectations of pay can be defined by contract. *Orfaly v. Tucson Symphony Soc'y*, 99 P.3d 1030, 1033 (Ariz. Ct. App. 2004).

Pinnacle claims Plaintiff failed to identify any particular candidate placement that forms the basis for her assertion she is owed commissions for which she was not paid. (Doc. 60 at 13). This is not so. Both of Plaintiff's Agreements state she would receive a commission of thirty (30) percent for those candidates she "screened, spoke with, or met with . . . during the Recruiting Function . . . ." (Doc. 60-1 at 101, 111). Plaintiff avers she "always screened the potential candidates . . . and often spoke with them as well." (Doc. 98-3 at ¶ 9). Plaintiff claims that because of Pinnacle's use of the incorrect percentage commission, she is owed more than $38,000. (*Id.* at ¶ 10). Plaintiff also highlights specific candidates for whom she was underpaid, or for whom Pinnacle miscalculated the commissions.

For example, during Mr. Orsuga's testimony he admitted there was a "human error" with the commission percentage calculation regarding candidate Justin Day. (Doc. 98-2 at 108). Pinnacle received $28,500 for Mr. Day's placement. (*Id.* at 105). Plaintiff's commission percentage for Mr. Day was forty (40) percent, which equaled $11,400. (*Id.*) But Pinnacle paid Plaintiff $10,200, leaving $1,200 outstanding. (*Id.*) Plaintiff provides a spreadsheet detailing similar underpayments totaling $6,780. (Docs. 98-24 at 2; 98-3 at ¶ 12). Pinnacle argues the underpayments were slight and Plaintiff was more than compensated for them by Pinnacle's generous overpayments.

(Doc. 103 at 10).

Whether Pinnacle provided gratuitous overpayments is irreverent; Plaintiff's assertions of wage expectations for these candidate placements are sufficient to create a genuine issue of material fact and thus Pinnacle is not entitled to summary judgment on Plaintiff's AWA claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Orsuga Consulting, LLC's Motion for Partial Summary Judgment (Doc. 60) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal Exhibit D to her Response (Doc. 99) is **granted**. The Clerk is kindly directed to file under seal Exhibit D, currently lodged at Doc. 100.

Dated this 24th day of August, 2023.

Honorable Diane J. Humetewa
United States District Judge